IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SAFEGUARD-RX, INC., | ) | CASE NO. 08-31522-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Emergency Motion to Extend Deadline for Confirmation of Chapter 11 Plan of Reorganization Pursuant to 11 U.S.C. § 1129(e) and 11 U.S.C. § 1121(e)(3)" (Docket No. 54), filed by the Debtor in the above captioned Chapter 11 case.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Safeguard-RX, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 4, 2008.  Debtor is a small business debtor within the meaning of Section 101(51D) of the Bankruptcy Code.

On November 17, 2008, 258 days after the date of filing of the petition in the instant case, the United States Trustee

moved for dismissal, on grounds Debtor had failed to file a disclosure statement and plan of reorganization, failed to file monthly operating reports, and failed to pay quarterly fees to the United States Trustee.  Prior to the commencement of an evidentiary hearing on the United States Trustee's motion to dismiss, on December 17, 2008, the court entered an agreed order (Docket No. 33) requiring, inter alia, that Debtor file and serve a disclosure statement and plan on or before December 22, 2008, and obtain confirmation of a plan on or before March 31, 2009.

Debtor filed a plan (Docket No. 36) and a disclosure statement (Docket No. 35) on December 20, 2008.  The plan provides in general for the Debtor to continue its operations, and to make specified payments to creditors over a period of five years.  AmerisourceBergen Corporation objected to approval of the disclosure statement.  (Docket No. 43).  The disclosure statement hearing was commenced on January 27, 2009, and was continued to February 9, 2009.

In the instant motion, Debtor seeks the extension of the deadline under Sections 1121(e)(3) and 1129(e) to file the plan and a disclosure statement, and obtain confirmation of the plan.

At the hearing on the instant motion, Maria I. Lozano, the sole owner and president of Debtor, testified that Debtor operates a pharmacy in a strip shopping center.  She testified

that Debtor has been negotiating with its landlord, in an attempt to obtain redress of several problems with the space Debtor leases and adjacent spaces. She testified that she has recently become aware of space available for lease in another strip shopping center, and hopes to move Debtor's business to that location as soon as she can reach resolution with her present landlord.

### Conclusions of Law

Section 1129(e) of the Bankruptcy Code provides:

> In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

11 U.S.C. § 1129(e).

Section 1121(e) provides:

> In a small business case-
>
> (1)  only the debtor may file a plan until after 180 days after the date of the order for relief, unless that period is-
>
>> (A) extended as provided by this subsection, after notice and a hearing; or
>>
>> (B) the court, for cause, orders otherwise;
>
> (2)  the plan and a disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief; and
>
> (3)  the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if-

>>(A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
>>
>>(B) a new deadline is imposed at the time the extension is granted; and
>>
>>(C) the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e).

In the instant case, the Debtor has not demonstrated by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time. The instant motion was filed on January 27, 2009, 326 days after the date of the order for relief in the instant case.[1] The plan as proposed does not address resolution of the disputes between Debtor and its landlord. The disclosure statement filed in the instant case lacks any indication of any sort of financial planning on the part of Debtor for its existence as a reorganized Debtor post-confirmation, other than a hope that Debtor will be able to resolve its difference with its landlord and/or move to a new location. In a small business case, the Debtor and Debtor's counsel must move expeditiously to ensure that the deadlines under the Bankruptcy Code are met. The court concludes that the

---

[1] Because Debtor failed to make the showing required under Section 1121(e)(3), the court need not address the effect of the order of December 17, 2008 on the applicability of Section 1121(e)(3) in the instant case.

4

instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Emergency Motion to Extend Deadline for Confirmation of Chapter 11 Plan of Reorganization Pursuant to 11 U.S.C. § 1129(e) and 11 U.S.C. § 1121(e)(3)" (Docket No. 54).

Signed at Houston, Texas on February 2, 2009.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE